

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WERNER ENTERPRISES, INC.,

    Plaintiff,

v.

MARKEL AMERICAN INSURANCE
COMPANY and INVESTORS
UNDERWRITING MANAGERS, INC.

    Defendants.

CIVIL ACTION FILE
NO. 1:04-CV-1718-WBH

## ORDER

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Rebuttal Expert Witness Patricia Lepenske [41]. For the reasons stated below, the motion is DENIED.

## I. BACKGROUND

Plaintiff filed the instant lawsuit alleging a claim for breach of contract in connection with an umbrella insurance policy (the "Policy") provided by Defendants to Plaintiff beginning on August 1, 2000. According to Plaintiffs, as a result of the Parties' negotiation of the Policy, Defendants agreed by letter (the "Letter") to provide insurance coverage for a fixed premium rate of ".0940 per 100 payroll miles" for a period of three consecutive years beginning August 1, 2000 through August 1, 2003. After the end of the first year of the Policy period, submits Plaintiff,

Defendants refused to renew the Policy at the fixed rate in breach of the letter agreement. Plaintiff seeks to recover the increased costs it incurred in obtaining replacement insurance coverage. Defendants take the position that the Letter is not a contract and is not part of the Policy.

Discovery in this case closed on August 12, 2005. Prior to the close of discovery, Defendants retained Mr. Quill Healey as an expert in the insurance industry, who opines that industry custom requires all final, material terms in an insurance agreement to be contained in the insurance policy itself. According to Defendants, they disclosed Mr. Healey's identity and provided Plaintiffs with his expert report on July 1, 2005; therefore, any rebuttal expert should have been identified by Plaintiff on or before August 3, 2005.[1] Plaintiff, however, served its rebuttal expert report by Patricia Lepenske to Defendants on August 11, 2005, one day before the close of discovery, and offered to make her available for deposition. Defendants objected to the disclosure of Lepenske as untimely and now move the Court to strike Plaintiff's rebuttal expert.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), parties must disclose

---

[1] For the record, the Court notes that Plaintiff took the deposition of Defendants' expert on August 5, 2005. On that date, Defendants provided Plaintiff with Healey's *curriculum vitae* regarding his qualifications. Defendants had not provided this information to Plaintiff prior to the deposition.

rebuttal expert witnesses within 30 days of the opposing side's disclosure of an initial expert witness. The Local Rules of this Court further provide that:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

N.D. Ga. R. 26.2C.

In the present situation, Defendants' designation of Mr. Healey on July 1, 2005, with a corresponding deadline for Plaintiff to identify a rebuttal expert by August 3, 2005, did not allow for a sufficient amount of time to complete rebuttal expert discovery by August 12, 2005.[2] Said another way, the Court finds that both parties are responsible for this situation. Yes, Plaintiff made an untimely disclosure of its rebuttal expert (although only marginally under the circumstances); however, Defendants certainly contributed to this problem by waiting to disclose their expert until six weeks before the close of discovery. The difficulty of this timing is reflected by the inability of the parties to depose Mr. Healey prior to August 5, 2005, a mere seven (7) days before discovery ended. To strike Plaintiff's rebuttal expert given all

---

[2] Actually, when Defendants disclosed Mr. Healey on July 1, 2005, discovery was set to close on July 28, 2005. The parties could not agree on a date to depose Mr. Healey before July 28, 2005, so they stipulated to and the Court granted an extension of the discovery period until August 12, 2005.

of these facts would be overly prejudicial.[3]

Therefore, the Court DENIES Defendants' motion to strike Plaintiff's rebuttal expert. The Parties have until Thursday, December 1, 2005 to complete the deposition of and any discovery related to Plaintiff's rebuttal expert, Lepenske. The Court fully expects the Parties to resolve any issues about the completeness of Lepenske's report amongst themselves .

The Parties filed summary judgment motions on October 5, 2005. Responses are due, by agreement of the Parties, on November 18, 2005. In light of the Court's decision regarding Lepenske, the Court presently DENIES WITH LEAVE TO RE-FILE the Parties's summary judgment motions. Renewed summary judgment motions are due on or before Monday, December 19, 2005. The Parties must reincorporate all of their original arguments into the renewed motions. The Court will not consider or review arguments contained in the October 5, 2005 summary judgment motions.

---

[3] Plaintiff further argues that Defendants did not complete its disclosure obligations pursuant to Rule 26 until August 5, 2005, when it provided Plaintiff with Mr. Healey's qualifications. Because the Court is denying Defendants' motion to strike for other reasons, it declines to address this argument.

4

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Plaintiff's Rebuttal Expert Witness Patricia Lepenske [41] is DENIED. The Parties will bear their own costs associated with this motion.

It is so ORDERED this 31 day of October, 2005.

Willis B. Hunt, Jr.
Judge, United States District Court